| | |
|---|---|
| **ILLINOIS NATIONAL INSURANCE COMPANY,** | **CIVIL ACTION NO: 2:22-CV-00009** |
| Counterclaim Plaintiff and Third-Party Plaintiff, | |
| | SECT. "L"   MAG. 2 |
| VERSUS | |
| WILLIAM D. AARON, JR., HERBERT ANDERSON, DALE N. ATKINS, JOHN C. CALHOUN, WILLIAM CARROUCHE, JOHN F. FRENCH, LEON GIORGIO, JR., SHIVAN GOVINDAN, LAWRENCE BLAKE JONES, HERMANN MOYSE, III, GRISH ROY PANDIT, JAMES C. RODDY, CHARLES C. TEAMER, SR., JOSEPH F. TOOMY, R. MICHAEL WILKINSON, STEPHEN PETAGNA, AND ROBERT B. CALLOWAY, | FALLON/CURRAULT |
| Counterclaim Defendants, | |
| AND | |
| ASHTON J. RYAN, JR., MARY BETH VERDIGETS, MARSHA CROWLE, WILLIAM J. BURNELL, FRED BEEBE, RALPH MENETRE, MICHAEL LULICH, FRANK FUGETTA, LOUIS BALLERO, DAVID ANDERSON, LOUIS LAURICELLA, MARK MERLO, GREGORY ST. ANGELO, TERRENCE HAUTH, ALBERT RICHARD, DIANE LABORDE, JAMES FITZMORRIS, HOLLY HAAG, PETER BABIN, LEANDER FOLEY, GEORGE JOURDAN, WILLIAM ROOHI, REGINA HEISLER, AND DOES 1 THROUGH 10, | |
| Third Party Defendants, | |

7865703

|  |  |
|---|---|
| AND | * |
|  | * |
| FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR FIRST NBC BANK, | * |
|  | * |
|  | * |
|  | * |
|  | * |
| **Third Party Nominal Defendant.** | * |
|  | * |
|  | * |
| * * * * * * * * * * * * * * * * * * * * * * * | * |

___

## ILLINOIS NATIONAL INSURANCE COMPANY'S COUNTERCLAIM AND THIRD PARTY COMPLAINT
___

Illinois National Insurance Company ("Illinois National") by and through its undersigned attorneys brings this Counterclaim against William D. Aaron, Jr., Herbert Anderson, Dale N. Atkins, John C. Calhoun, William Carrouche, John F. French, Leon Giorgio, Jr., Shivan Govindan, Lawrence Blake Jones, Hermann Moyse, III, Grish Roy Pandit, James C. Roddy, Charles C. Teamer, Sr., Joseph F. Toomy, R. Michael Wilkinson, Stephen Petagna, And Robert B. Calloway (the "Counterclaim Defendants") and brings this Third Party Complaint against Ashton J. Ryan, Jr., Mary Beth Verdigets, Marsha Crowle, William J. Burnell, Fred Beebe, Ralph Menetre, Michael Lulich, Frank Fugetta, Louis Ballero, David Anderson, Louis Lauricella, Mark Merlo, Gregory St. Angelo, Terrence Hauth, Albert Richard, Diane Laborde, James Fitzmorris, Holly Haag, Peter Babin, Leander Foley, George Jourdan, William Roohi, Regina Heisler, and Does 1 Through 10, and Nominal Third Party Defendant Federal Deposit Insurance Corporation, as Receiver for First NBC Bank (the "Third Party Complaint Defendants").

1. Upon personal knowledge of its own acts and status, and upon information and belief, Illinois National alleges as follows:

## NATURE OF THE ACTION

2. This Counterclaim and Third Party Complaint concerns an actual case and controversy between Illinois National, on one hand, and the Counterclaim Defendants and Third Party Complaint Defendants, on the other hand, regarding a contract of professional liability insurance.

## PARTIES, JURISDICTION, AND VENUE

3. Illinois National is an Illinois corporation with its principal place of business in New York.

4. The Counterclaim Defendants and Third Party Complaint Defendants are each citizens of states other than Illinois and New York.

5. Does 1-10 are persons or entities not currently known to Illinois National who seek coverage under the 2015/16 Illinois National Policy (defined below).

6. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332, because Illinois National and the defendants are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interests and costs.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because a substantial part of the events at issue and litigation arising from those events occurred in this District.

**INSURANCE POLICY ALLEGATIONS**

8.      Illinois National issued Excess Edge Policy No. 01-415-73-85 to First NBC Bank Holding Company for the Policy Period of June 9, 2015 to December 31, 2016 (the "2015/16 Illinois National Policy"). The 2015/16 Illinois National Policy has a Limit of Liability of $15 million per Claim and in the aggregate, and is excess of $15 million in Underlying Insurance provided by Zurich American Insurance Company ("Zurich") through its Financial Institutions Select Insurance Policy No. 9311203-29 (the "Zurich Policy").

9.      The Counterclaim Defendants and Third Party Complaint Defendants (but not the Nominal Third Party Defendant) each assert he or she meets the definition of "Insured Persons" under the 2015/16 Illinois National Policy. Nominal Third Party Defendant Federal Deposit Insurance Corporation, as Receiver for First NBC Bank is not an Insured Person (or otherwise an Insured) under the 2015/16 Illinois National Policy. Third Party Defendant Gregory St. Angelo is not an Insured Person (or otherwise an Insured) under the 2015/16 Illinois National Policy.

10.     The 2015/16 Illinois National Policy expressly provides that it was issued "in reliance upon the completeness and accuracy of the . . . warranties, statements, . . . and any other materials submitted for this policy, which shall be deemed attached hereto and made a part hereof."

11.     The 2016/16 Illinois National Policy is subject to a June 9, 2015 warranty statement provided to Illinois National on First NBC letterhead (the "Warranty"). The Warranty was signed by Ashton Ryan on his own behalf, on behalf of First NBC Bank Holding Company and any subsidiary thereof, and on behalf of all directors and officers of First NBC Bank Holding Company and its subsidiaries. The Warranty provides as follows:

7865703

Solely in regard to the Limit of Liability of $5,000,000 excess of the first $25,000,000 Limit of Liability for the policy referenced above (hereinafter "Policy"), after inquiry of all the directors and officers of First NBC Holding Company and its subsidiaries (if any), the undersigned authorized officer(s) of FNBC hereby represents and warrants on behalf of himself/herself, First NBC Bank Holding Company, any subsidiary thereof and all such directors or officers that:

(a) There has not been nor is there now pending any claim(s), suit(s), or action(s) (including but not limited to any investigation) against any person or entity proposed for insurance under the policy referenced above, except as follows: (Attach complete details. If no such claims, check here "none"_X.)

(b) No person or entity proposed for insurance under the policy referenced above has knowledge or information of any act, error or omission which might give rise to a claim(s), suit(s), or action(s) under such proposed policy, except as follows: (Attach complete details. If they have no such knowledge or information, check here "none": X .)

It is further understood and agreed that if such claim(s), suit(s), action(s), knowledge or information exists, then such claim(s), suit(s) or action(s) and any claim(s), suit(s) or action(s) arising therefrom or arising from such knowledge or information is excluded from coverage under the proposed policy referenced above.

## THE MATTERS SUBMITTED FOR COVERAGE

12. Some or all of the Counterclaim Defendants and the Third Party Complaint Defendants have sought coverage under the 2015/16 Illinois National Policy for a variety of matters arising out of the demise of First NBC Bank. These matters (collectively the "Submitted Matters") include, but are not limited to:

a. December 29/30, 2016 Notice of Circumstances;

b. *Eric R. Kinzler, Individually and on behalf of all others Similarly Situated v. First NBC Bank Holding Company, Ashton J. Ryan, Jr., Mary Beth Verdigets, and Ernst & Young LLP*, Case No. 2:16-cv-4243 (EDLA);

c. *Academy Place, LLC, Patrick T. Bossetta, Sr., and Jean Bossetta v. First NBC Bank, Gregory St. Angelo, and Ashton J. Ryan, Jr.*, Case No. 18-10881 (EDLA);

5

7865703

    d. *Official Committee of Unsecured Creditors of First NBC Bank Holding Company vs. Ashton J. Ryan, Jr., Mary Beth Verdigets, William J. Burnell, Gregory St. Angelo, Officer Does 1-20, Ernst & Young LLP, Mark Bell, and Auditor Does 1-20*, Case no. 2:19-cv-10341 (EDLA);

    e. *Doug Smith, derivatively and on behalf of First NBC Bank Holding Company v. Ashton J. Ryan, Sr. Shivan Govindan, Joseph F. Toomy, William David Aaron Jr., William M. Carrouche, Leander J. Foley III, John Fenner French, Leon L. Giorgio, Jr., Lawrence Blake Jones, Louis V. Lauricella, Mark G. Merlo, Charles C. Teamer Sr., and Mary Beth Verdigets, and First NBC Bank Holding Company*, Case No.: 2:16-cv-17001 (EDLA);

    f. Various Matters Asserted by the Federal Deposit Insurance Corporation, as Receiver for First NBC Bank;

    g. SEC Investigation/Subpoenas;

    h. DOJ Investigation/Subpoenas;

    i. FDIC-C Investigation; and

    j. Criminal Indictments.

## FIRST CAUSE OF ACTION

### Declaration that the Warranty is False

13. Illinois National realleges and restates each of the preceding paragraphs as if fully set forth herein.

7865703

14. The Warranty only effects the top $5 million of the $15 million 2015/16 Illinois National Policy.

15. The Warranty warrants that Ashton Ryan made inquiry of all directors and officers of First NBC Holding Company and is subsidiaries (if any) before executing the Warranty. Ashton Ryan did not – in fact – made inquiry of all directors and officers of First NBC Holding Company and its subsidiaries (if any) before executing the Warranty.

16. The Warranty warrants that, as of June 9, 2015, no person or entity proposed for insurance under the 2015/16 Illinois National Policy has knowledge or information of any act, error or omission which might give rise to a claim(s), suit(s), or action(s) under the 2015/16 Illinois National Policy. In fact, as of June 9, 2015, Ashton Ryan and/or other persons or entities proposed for insurance under the 2015/16 Illinois National Policy possessed knowledge or information of any act, error or omission which might give rise to a claim(s), suit(s), or action(s) under the 2015/16 Illinois National Policy.

17. The Warranty that, as of June 9, 2015, no person or entity proposed for insurance under the 2015/16 Illinois National Policy has knowledge or information of any act, error or omission which might give rise to a claim(s), suit(s), or action(s) under the 2015/16 Illinois National Policy was false when made.

## SECOND CAUSE OF ACTION

**Declaration that the Warranty Was Made By Each and Every Director and Officer of First NBC Holding Company or any Subsidiary Thereof**

18. Illinois National realleges and restates each of the preceding paragraphs as if fully set forth herein.

7865703

19. The Warranty expressly provides that it is made on behalf of the signatory of the Warranty (Ashton Ryan), First NBC Holding Company and any subsidiary of First NBC Holding Company, all directors or officers of First NBC Holding Company, and all directors and officers of any subsidiary of First NBC Holding Company.

20. Each and every director or officer of First NBC Holding Company and each and every director and officer of any subsidiary of First NBC Holding Company is bound by the Warranty.

## THIRD CAUSE OF ACTION

**Declaration that Knowledge or Information Possessed by Any Single Director or Officer of First NBC Holding Company or any Subsidiary Thereof Rendering the Warranty False Defeats Associated Coverage For All Insureds**

21. Illinois National realleges and restates each of the preceding paragraphs as if fully set forth herein.

22. The Warranty is deemed false if any of the warranted "knowledge or information exists."

23. In fact, knowledge or information by one or more directors and officers of First NBC Holding Company or any subsidiary thereof of any act, error or omission which might give rise to a claim(s), suit(s), or action(s) under the 2015/16 Illinois National Policy existed on June 9, 2015.

24. The Warranty contains an exclusion from coverage for any claim(s), suit(s) or action(s) arising from such undisclosed knowledge or information.

25. Each of the Submitted Matters for which coverage is sought under the 2015/16 Illinois National Policy arises from undisclosed knowledge or information of any act, error or

omission which might give rise to a claim(s), suit(s), or action(s) under the 2015/16 Illinois National Policy.

26. If any single person or entity on whose behalf the Warranty were made possessed knowledge or information of any act, error or omission which might give rise to a claim(s), suit(s), or action(s) under the 2015/16 Illinois National Policy, then any claim(s), suit(s) or action(s) arising from such undisclosed knowledge or information are excluded from coverage for all Insureds under the $5 million excess of $10 million portion of the $15 million 2015/16 Illinois National Policy.

## FOURTH CAUSE OF ACTION

**Declaration, in the Alternative, that Each and Every Director and Officer of First NBC Holding Company or any Subsidiary Thereof Possessed Knowledge or Information Rendering the Warranty False**

27. Illinois National realleges and restates each of the preceding paragraphs as if fully set forth herein.

28. Illinois National has alleged that knowledge or information possessed of any single director or officer of First NBC Holding Company or any subsidiary thereof rendering the Warranty false results in the exclusion from coverage under the $5 million excess of $10 million portion of the $15 million 2015/16 Illinois National Policy for all Insureds of any claim(s), suit(s) or action(s) arising from such undisclosed knowledge or information.

29. In the alternative, each director or officer of First NBC Holding Company or any subsidiary thereof seeking coverage under the 2015/16 Illinois National Policy possessed knowledge or information on June 9, 2015 that rendered the Warranty false.

30.  Each director or officer of First NBC Holding Company or any subsidiary thereof seeking coverage under the 2015/16 Illinois National Policy is precluded from obtaining coverage for the Submitted Matters under the $5 million excess of $10 million portion of the $15 million 2015/16 Illinois National Policy because each possessed associated knowledge or information rendering the Warranty false.

## PRAYER FOR RELIEF

**WHEREFORE** Illinois National requests that this Court enter a declaration and final judgment in its favor:

(A)  Declaring that, for the reasons set forth in the First Cause of Action, the Warranty was false;

(B)  Declaring that, for the reasons set forth in the Second Cause of Action, each and every director or officer of First NBC Holding Company and each and every director and officer of any subsidiary of First NBC Holding Company is bound by the Warranty;

(C)  Declaring that, for the reasons set forth in the Third Cause of Action, knowledge or information possessed by any single director or officer of First NBC Holding Company or any subsidiary thereof rendering the Warranty false defeats associated coverage for the Submitted Matters for all Insureds under the $5 million excess of $10 million portion of the $15 million 2015/16 Illinois National Policy.

(D)  In the Alternative, for the reasons set forth in the Fourth Cause of Action, declaring that each director or officer of First NBC Holding Company or any subsidiary thereof seeking coverage under the 2015/16 Illinois National Policy is precluded from obtaining coverage for the Submitted Matters under the $5 million excess of $10 million portion of the $15

7865703

million 2015/16 Illinois National Policy because each possessed associated knowledge or information rendering the Warranty false;

(E) Awarding Illinois National such other and additional relief as shall be found to be reasonable; and

(F) Awarding Illinois National its fees and costs incurred in prosecuting this action.

Respectfully submitted,

/s/ Karen M. Dicke
Karen M. Dicke (#24781)
Andree N. Comeaux (#38167)
Lewis Brisbois Bisgaard & Smith LLP
400 Poydras Street, Suite 1300
New Orleans, LA 70130
Telephone: (504)322-4100
Facsimile: (504) 754-7569
Email: Karen.Dicke@lewisbrisbois.com
Andree.Comeaux@lewisbrisbois.com

and

/s/ Robert A. Benjamin
Robert A. Benjamin (*Pro Hac Vice* pending)
Briana A. Semenza (*Pro Hac Vice* pending)
rbenjamin@kbrlaw.com
bsemenza@kbrlaw.com
KAUFMAN BORGEEST & RYAN
120 Broadway, 14th Floor
New York, New York 10271
Ph: (914) 449-1000
Fax: (914) 449-1100

*Attorneys for Illinois National Insurance Company*

11

7865703

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 22, 2022, a copy of the foregoing pleading was served upon all counsel of record by depositing same in the United States mail at their last known address, first class postage prepaid, by facsimile transmission, and/or by ECF filing.

/s/ Karen M. Dicke

7865703