UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM D. AARON, JR., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 22-09** |
| **ILLINOIS NATIONAL INSURANCE COMPANY, ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court are six motions to dismiss, filed by the following groups of third-party defendants: (1) Leander Foley, Louis Lauricella, and Mark Merlo,[1] (2) Mary Beth Verdigets and Marsha Crowle,[2] (3) Frank Fugetta and Michael Lulich,[3] (4) Louis Ballero,[4] (5) George Jourdan,[5] and (6) Ashton J. Ryan, Jr.[6] (collectively, the "Third-Party Defendants"). The third-party plaintiff and defendant with respect to the original claims in this matter, Illinois National Insurance Company ("Illinois National"), opposes the motions.[7] For the following reasons, the Court grants the motions to dismiss.

## I.   BACKGROUND

This action was commenced by a group[8] of former directors (the "Original Plaintiffs") of the now-defunct First NBC Bank ("First NBC"). The Original Plaintiffs

---

[1] R. Doc. No. 75.
[2] R. Doc. No. 92.
[3] R. Doc. No. 97.
[4] R. Doc. No. 98.
[5] R. Doc. No. 100.
[6] R. Doc. No. 148.
[7] R. Doc. Nos. 107, 146, 155.
[8] The directors who are the original plaintiffs in this action include William D. Aaron, Jr., Herbert Anderson, Dale N. Atkins, John C. Calhoun, William Carrouche, John F.

allege that in 2015, Zurich American Insurance Company ("Zurich Insurance") issued a directors' and officers' liability insurance policy (the "Zurich Policy"), which was effective from 2015 to 2016.[9] The Original Plaintiffs then obtained a $15 million supplemental policy from Illinois National, labeled as "Excess Edge Policy No. 01-415-73-85" (the "Illinois National Policy"), which provided an excess layer of coverage on top of the Zurich Policy.[10]

On April 28, 2017, regulators closed First NBC; the Original Plaintiffs were subsequently named as parties in litigation related to First NBC's closure and the Original Plaintiffs requested coverage under the Illinois National Policy.[11] Illinois National has advised that it will deny in part coverage under its policy due to alleged misrepresentations that Ashton J. Ryan, Jr. ("Ryan"), First NBC's former president and CEO, made when he signed a warranty letter in connection with the Illinois National policy application.[12]

The Original Plaintiffs filed the instant action against Illinois National, asserting a claim for breach of contract with respect to Illinois National's decision to refuse coverage under its excess policy.[13] Specifically, the Original Plaintiffs seek a declaratory judgment stating that Illinois National's "warranty defense"—concerning

---

French, Leon Giorgio, Jr., Lawrence Blake Jones, Hermann Moyse, III, Grish Roy Pandit, James C. Roddy, Charles C. Teamer, Sr., Joseph F. Toomy, R. Michael Wilkinson, Stephen Petagna, Shavin Govindan, and Robert B. Calloway. *See* R. Doc. No. 1.
[9] R. Doc. 1, at 3–4.
[10] R. Doc. No. 1, at 4; R. Doc. No. 17, at 3 ¶ 8.
[11] R. Doc. No. 1, at 3; R. Doc. No. 17, at 4–6 ¶ 12.
[12] R. Doc. No. 1, at 3–4; R. Doc. No. 17, at 4, 6–9 ¶¶ 11, 13–30.
[13] R. Doc. No. 1, at 3.

the allegedly false warranty letter that Ryan signed—is meritless and that Illinois National cannot deny coverage on that basis.[14]

In response, Illinois National filed a counterclaim and third-party complaint (the "Third-Party Complaint") against the Third-Party Defendants.[15] Illinois National seeks a declaratory judgment against the Original Plaintiffs and the Third-Party Defendants that its warranty defense is valid and would bar recovery under the insurance policy.[16]

The Third-Party Defendants filed six essentially identical motions to dismiss the Third-Party Complaint.[17] The Third-Party Defendants argue that, under Rule 14 of the Federal Rules of Civil Procedure, the Third-Party Defendants are improperly impleaded since they do not have any potential derivative liability to Illinois National if Illinois National is found liable to the Original Plaintiffs.[18]

Illinois National responded to the six motions to dismiss by filing essentially identical oppositions.[19] Illinois National argues that, when the original claim in a civil action requests a declaratory judgment, Rule 14 can be read broadly, pragmatically, and with discretion to secure judicial economy and consistency by including and binding all "necessary parties."[20] Illinois National contends that since

---

[14] *Id.* at 16.
[15] R. Doc. No. 17.
[16] *Id.* at 6–9 ¶¶ 13-30.
[17] R. Doc. Nos. 75, 92, 97, 98, 100, 148.
[18] R. Doc. No. 148-1, at 4-5.
[19] R. Doc. Nos. 107, 146, 155. Illinois National filed three opposition memoranda that collectively responded to the six motions to dismiss.
[20] *See, e.g.*, R. Doc. No. 107, at 5; *see id.* at 5–9.

the Third-Party Defendants could also qualify as insured persons covered by the Illinois National policy, it would be more efficient and consistent to resolve Illinois National's warranty defense—and therefore the issue of whether Illinois National's excess policy provides coverage—at the same time.[21]

Two of the Third-Party Defendants, Mary Beth Verdigets and Marsha Crowle ("Verdigets and Crowle"), filed a reply to Illinois National's opposition.[22] Verdigets and Crowle argue that, while Rule 14 is read broadly with regards to declaratory judgments, such broadness does not eliminate Rule 14's core requirement of derivative liability, which Illinois National has failed to satisfy.[23]

## II.  STANDARDS OF LAW

### A.  Motions to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, when the plaintiff fails to set forth well-pleaded factual allegations that would entitle the plaintiff to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007); *see also Martco Ltd. P'ship v. Bruks Inc.*, 430 F. App'x 332, 334–35 (5th Cir. 2011) (applying Rule 12(b)(6) to third-party complaints).

---

[21] *Id.* at 7.
[22] R. Doc. No. 131.
[23] *Id.* at 2–4.

To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Consequently, a plaintiff need not allege detailed factual allegations, but it must raise a right to relief beyond mere speculation. *Id*.

A court reviews the complaint in the light most favorable to the plaintiff. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010). However, courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)). Furthermore, courts may not look beyond the pleadings to determine whether relief should be granted. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v. McMillan*, 308 F. App'x. 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986) (alteration in original)).

### B. Impleader

"Third-party practice, or impleader, is governed by Federal Rule of Civil Procedure 14, which provides that a defending party, as third-party plaintiff, may bring an action against 'a nonparty who is or may be liable to it for all or part of the

claim against it.'" *USAA Gen. Indem. Co. v. Scott*, No. 16-211, 2016 WL 8711678, at *2 (E.D. La. July 29, 2016) (Engelhardt, J.) (quoting Fed. R. Civ. P. 14(a)(1)). A third-party claim must be secondary or derivative of the main claim and "the original defendant must be able to demonstrate a basis for the third-party defendant's liability to the defendant (also known as the third-party plaintiff)." *Id.* at *2 (quoting *McCain v. Clearview Dodge Sales, Inc.*, 574 F.2d 848, 849-50 (5th Cir. 1978)) (internal quotation marks omitted); *see also Martco Ltd. P'ship v. Bruks, Inc.*, 430 F. App'x 332, 334 (5th Cir. 2011) ("The secondary or derivative liability notion is central[.]"); *Hanover Ins. Co. v. Superior Lab. Servs., Inc.*, 316 F.R.D. 179, 182 (E.D. La. 2016) (Morgan, J.).

A district court has "'wide discretion in determining whether to permit such third party procedure.'" *McDonald v. Union Carbide Corp.*, 734 F.2d 182, 183 (5th Cir. 1984) (quoting *Southern Ry. Co. v. Fox*, 339 F .2d 560, 563 (5th Cir.1964)); *accord Bell v. Bolivar Cnty.*, 24 F.3d 240, 1994 WL 243455, at *1 (5th Cir. 1994) (per curiam). In determining whether to allow a third-party complaint, courts consider several factors which include avoiding circuitous actions, promoting judicial efficiency, obtaining consistent results, avoiding possible prejudice against other parties, the unreasonableness of the delay, and the lack of substance of the third-party complaint. *Am. Fid. & Cas. Co. v. Greyhound Corp.*, 232 F.2d 89, 92 (5th Cir. 1956); *McDonald*, 734 F.2d at 184.

However, "a third-party complaint is not proper under Rule 14 if the defendant cannot show a basis for the third-party defendant's liability to the defendant (also

6

known as the third-party plaintiff)." *McCain v. Clearview Dodge Sales, Inc.*, 574 F.2d 848, 849–50 (5th Cir. 1978); *see also Hanover*, 316 F.R.D. at 185 ("The court's discretion may be exercised only when the proposed third-party claim is within the scope of impleader established by Rule 14(a).").

> The question whether a defendant's demand presents an appropriate occasion for the use of impleader or else constitutes a separate claim has been resolved consistently by permitting impleader only in cases where the third party's liability was in some way derivative of the outcome of the main claim. In most such cases it has been held that for impleader to be available the third party defendant must be liable secondarily to the original defendant in the event that the latter is held liable to the plaintiff. Stating the same principle in different words, other authorities declare that the third party must necessarily be liable over to the defendant for all or part of the plaintiff's recovery, or that the defendant must attempt to pass on to the third party all or part of the liability asserted against the defendant. Whichever expression is preferred, it is clear that impleader under Rule 14 requires that the liability of the third party be dependent upon the outcome of the main claim.

*United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751–52 (5th Cir. 1967) (internal citations omitted).

### III.   ANALYSIS

With respect to the instant motions to dismiss, the question before the Court is, accepting the factual allegations that Illinois National has pleaded as true, whether Illinois National's Third-Party Complaint states a facially-plausible claim that the Third-Party Defendants are derivatively liable to Illinois National. *Rozel Operating Co. v. Crown Point Holdings, LLC, et al.*, No. 16-1687, 2016 WL 3517796, at *2 (E.D. La. June 28, 2016) (Barbier, J.) (citing *McCain*, 574 F.2d at 848–50); *see also Joe Grasso*, 380 F. 2d at 751 ("The question whether a [third-party plaintiff's] demand presents an appropriate occasion for the use of impleader … has been

resolved consistently by permitting impleader only in cases where the [third-party defendant's] liability is in some way derivative of the outcome of the main claim").

Illinois National does not argue that the Third-Party Defendants are derivatively liable for any potential losses resulting from the Original Plaintiffs' claims against Illinois National.[24] In other words, Illinois National does not contend that, if the Original Plaintiffs obtain a declaratory judgment, then the Third-Party Defendants would then be derivatively liable to Illinois National for any payments that Illinois National would owe to the Original Plaintiffs.[25]

Illinois National instead argues that declaratory judgment actions do not require derivative liability and that Rule 14 can be read more flexibly.[26] However, "[t]he Court does not agree that a declaratory-judgment exception to Rule 14 exists and, in any event, finds the cases cited by [Illinois National] to be distinguishable from the matter before it." *Hanover Ins. Co. v. Superior Lab. Serv., Inc.*, 316 F.R.D. 179, 185 (E.D. La. 2016) (Morgan, J.).[27]

## IV. CONCLUSION

For all the foregoing reasons,

---

[24] *See, e.g.*, R. Doc. No. 107, at 5–9; *see generally* R. Doc. Nos. 146 & 155.
[25] *See, e.g.*, R. Doc. No. 107, at 5–9.
[26] *Id.*
[27] Illinois National cites three case in support of its position: *Am. Fid. & Cas. Co. v. Greyhound Corp.*, 232 F.2d 89 (5th Cir. 1956), *S. Pilot Ins. Co. v. CECS, Inc.*, 15 F. Supp. 3d 1284 (N.D. Ga. 2013), and *Catlin Syndicate Ltd. v. Ramuji, LLC*, No. 16-1331, 2017 WL 4416355 (N.D. Ala. Oct. 4, 2017. But as Verdigets and Crowle state in their reply memorandum, "Illinois National is not seeking to hold Third-Party Defendants secondarily liable to it, nor is it alleging that any losses suffered by Illinois National (should this Honorable Court issue a declaratory judgment in favor of the plaintiffs) [were] caused by the Third-Party Defendants." *See* R. Doc. No. 131, at 4.

**IT IS ORDERED** that Third-Party Defendants' motions[28] to dismiss are **GRANTED** and that the Third-Party Complaint against Leander Foley, Louis Lauricella, Mark Merlo, Mary Beth Verdigets, Marsha Crowle, Frank Fugetta, Michael Lulich, Louis Ballero, George Jourdan, and Ashton J. Ryan, Jr. is **DISMISSED**.

New Orleans, Louisiana, June 27, 2022.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[28] R. Doc. Nos. 75, 92, 97, 98, 100, & 148.