UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM D. AARON, JR., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 22-9**<br>**c/w 22-2070**<br>**REF: ALL CASES** |
| **ILLINOIS NATIONAL INSURANCE COMPANY, ET AL.** | **SECTION I** |

# ORDER & REASONS

Before the Court is consolidated[1] defendant Ashton J. Ryan, Jr.'s ("Ryan") Federal Rule of Civil Procedure 12(b)(6) motion[2] to dismiss consolidated plaintiff Illinois National Insurance Company's ("Illinois National") complaint[3] for declaratory judgment. Illinois National opposes Ryan's motion.[4] For the following reasons, the Court denies the motion to dismiss.

## I. BACKGROUND

This civil action arises from the demise of the First National Bank of Commerce ("First NBC"). First NBC purchased excess directors' and officers' liability ("D&O") insurance policies, including Illinois National's excess D&O policy, which is the first-layer excess policy and provides fifteen million dollars ($15,000,000.00) in coverage.[5] The Illinois National policy "provides that it was issued 'in reliance upon

---

[1] E.D. La. Civil Action Nos. 22-9 and 22-2070 were consolidated on August 18, 2022. R. Doc. No. 188.
[2] R. Doc. Nos. 191 (motion to dismiss) and 256 (reply memorandum in support of motion to dismiss).
[3] E.D. La. Civil Action No. 22-2070, R. Doc. No. 1.
[4] R. Doc. No. 246.
[5] E.D. La. Civil Action No. 22-2070, R. Doc. No. 1, ¶ 8.

the completeness and accuracy of the . . . *warranties*, statements, . . . and any other materials submitted for this policy, which shall be deemed attached hereto and made a part hereof."[6] On June 9, 2015, Ryan signed such a warranty (the "Warranty") on his own behalf and on behalf of First NBC and its subsidiaries. The Warranty states:[7]

> Solely in regard to the Limit of Liability of $5,000,000 excess of the first $25,000,000 Limit of Liability for the policy referenced above (hereinafter "Policy"), after inquiry of all the directors and officers of First NBC Holding Company and its subsidiaries (if any), the undersigned authorized officer(s) of FNBC hereby represents and warrants on behalf of himself/herself, First NBC Bank Holding Company, any subsidiary thereof and all such directors or officers that:
>
> > (a) There has not been nor is there now pending any claim(s), suit(s), or action(s) (including but not limited to any investigation) against any person or entity proposed for insurance under the policy referenced above, except as follows: (Attach complete details. If no such claims, check here "none" _X [sic].)
> >
> > (b) No person or entity proposed for insurance under the policy referenced above has knowledge or information of any act, error or omission which might give rise to a claim(s), suit(s), or action(s) under such proposed policy, except as follows: (Attach complete details. If they have no such knowledge or information, check here "none": X.)
>
> It is further understood and agreed that if such claim(s), suit(s), action(s), knowledge or information exists, then such claim(s), suit(s) or action(s) and any claim(s), suit(s) or action(s) arising therefrom or arising from such knowledge or information is excluded from coverage under the proposed policy referenced above.[8]

---

[6] *Id.* ¶ 10 (emphasis added); *see also* R. Doc. No. 61-4, at 1.
[7] "The Warranty only effects the top $5 million of the $15 million [] Illinois National Policy." E.D. La. Civil Action No. 22-2070, R. Doc. No. 1, ¶ 14. In short, the dispute regarding the Warranty affects only $5 million of the $15 million in D&O coverage provided by Illinois National.
[8] *Id.* ¶ 11; *see also* R. Doc. No. 61-4, at 1.

The Warranty signed by Ryan indicated that there were no such "pending []
claim(s), suit(s), or action(s)" and that, after making "inquiry of all the directors and
officers of First NBC" and its subsidiaries, no party covered by the Illinois National
policy had "knowledge or information of any act, error or omission which might give
rise to a claim(s), suit(s), or action(s) under" the policy.[9]

On April 28, 2017, regulators closed First NBC; Ryan and other former
directors of First NBC were subsequently named as parties in litigation[10] related to
First NBC's closure and requested coverage under the Illinois National Policy.[11]
Illinois National has advised that it will deny in part coverage under its policy due to
alleged misrepresentations that Ryan made when he signed a warranty letter in
connection with the Illinois National policy application.[12]

Illinois National filed *Illinois National Insurance Company v. Ryan, et al.*, E.D.
La. Civil Action No. 22-2070, seeking declaratory judgments against Ryan and
several co-defendants[13] that: (1) the Warranty was false; (2) the Warranty was made
by each and every director and officer of First NBC; (3) knowledge or information

---

[9] E.D. La. Civil Action No. 22-2070, R. Doc. No. 1, ¶¶ 10–11; *see also* R. Doc. No. 61-4, at 1.
[10] Ryan was convicted on 48 counts in a related criminal matter on February 9, 2023. *See* E.D. La. Criminal Action No. 20-65, R. Doc. No. 948.
[11] E.D. La. Civil Action No. 22-9, R. Doc. Nos. 1, ¶ X, 17, ¶ 12.
[12] R. Doc. No. 61-16, at 5.
[13] "Mary Beth Verdigets, Marsha Crowle, William J. Burnell, Fred Beebe, Ralph Menetre, Michael Lulich, Frank Fugetta, Louis Ballero, David Anderson, Louis Lauricella, Mark Merlo, Gregory St. Angelo, Terrence Hauth, Albert Richard, Diane Laborde, Holly Haag, Peter Babin, Leander Foley, George Jourdan, William Roohi, and Does 1 Through 10 . . . ." E.D. La. Civil Action No. 22-2070, R. Doc. No. 1, at 1.

possessed by any director or officer of First NBC renders the Warranty false and bars coverage for all insureds; and (4) alternatively, every director or officer possessed knowledge or information which rendered the Warranty false.[14] In the instant motion to dismiss, Ryan seeks to dismiss Illinois National's complaint for declaratory judgment as to each cause of action.[15]

## II.     STANDARD OF LAW

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Together, these rules demand "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation omitted) (internal quotation marks omitted).

A court reviews the complaint in the light most favorable to the plaintiff. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010). However, "the face of the

---

[14] *Id*. at 6–9 ¶¶ 13-30.
[15] R. Doc. No. 191, at 1–2.

complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of *each element* of the plaintiffs' claim." *Hi-Tech Elec., Inc v. T&B Constr. & Elec. Servs., Inc.*, No. 15-3034, 2017 WL 615414, at *2 (E.D. La. Feb. 15, 2017) (Vance, J.) (emphasis added) (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255–57 (5th Cir. 2009). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted). It "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotations omitted).

### III. ANALYSIS

Ryan asserts that Illinois National's complaint must be dismissed because it "does not allege or describe the 'knowledge or information' that was supposedly possessed by [Ryan], or any defendant, that gave rise to, or supports, its causes of action[,]" nor does it "allege or disclose the 'knowledge or information,' which defendant possessed and did not provide in a warranty."[16] Accordingly, Ryan argues, he is unable to respond to the allegations "truthfully and accurately" by "an admission or denial" because he does not know "just what it is that [he] would be answering[.]"[17]

Illinois National, in its opposition, argues that Ryan selectively quotes from its complaint, and that the complaint adequately alleged a claim. Specifically, Illinois

---

[16] R. Doc. No. 191-1, at 2.
[17] *Id.*

National notes that its complaint alleges that Ryan "failed to make inquiry of all of the directors and officers of First NBC Holding Company and its subsidiaries (if any) before executing the Warranty"[18] and he executed the warranty despite "possess[ing] knowledge or information of any act, error or omission which might give rise to a claim(s), suit(s), or action(s) under the" policy with Illinois National.[19] Ultimately, Illinois National argues, "Ryan should know whether he made or did not make inquiry of all directors and officers . . . before executing the [w]arranty" and "should know whether he did or did not possess knowledge or information of any act, error or omission which might give rise to a claim(s), suit(s), or action(s)" under the policy with Illinois National.[20]

The Fifth Circuit has recognized "the principle that when discoverable information is in the control and possession of a defendant, it is not necessarily the plaintiff's responsibility to provide that information in her complaint." *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018) (quoting the Second Circuit's holding in *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010), that "[t]he *Twombly* plausibility standard, which applies to all civil actions, ... does not prevent a plaintiff from 'pleading facts alleged upon information and belief' where the facts are peculiarly within the possession and control of the defendant . . . or where the belief is based on factual information that makes the inference of culpability plausible . . . ."); *see also Shanghai Breeze Tech.*

---

[18] R. Doc. No. 246, at 3 (citing E.D. La. Civil Action No. 22-2070, R. Doc. No. 1, ¶ 15).
[19] *Id.* (citing E.D. La. Civil Action No. 22-2070, R. Doc. No. 1, ¶ 16).
[20] *Id.* at 4.

*Co. v. Gravois Aluminum Boats, LLC*, No. 22-2038, 2023 WL 1926609, at *4 (W.D. La. Jan. 25, 2023), *report and recommendation adopted*, No. 22-2038, 2023 WL 2950991 (W.D. La. Mar. 1, 2023) (denying 12(b)(6) motion to dismiss and noting that, "while [plaintiff's] complaint is lean on factual allegations, the lack of detail is due to [plaintiff's] informational asymmetry and not its failure to plead facts within its knowledge").

Illinois National pleads "upon information and belief"[21] that Ryan did not make an inquiry of "all directors and officers of First NBC Holding Company and its subsidiaries . . . before executing the [w]arranty"[22] and that on June 9, 2015, Ryan executed the warranty despite "possess[ing] knowledge or information of any act, error or omission which might give rise to a claim(s), suit(s), or action(s) under" the policy with Illinois National.[23]

Illinois National's complaint also cites several specific matters—civil and criminal[24]—stemming from the failure of First NBC, thereby providing Ryan with sufficient factual allegations for him to respond as to whether he possessed knowledge or information of an act, error, or omission that gave rise to these particular actions. For example, information related to acts that gave rise to the criminal action against Ryan for which he was recently convicted[25] is surely within his knowledge such that

---

[21] E.D. La. Civil Action No. 22-2070, R. Doc. No. 1, ¶ 1.
[22] *Id.* ¶ 15.
[23] *Id.* ¶ 16.
[24] *Id.* ¶¶ 12(a)–(e), (j).
[25] E.D. La. Criminal Action No. 20-65, R. Doc. No. 948 (jury verdict form, dated February 9, 2023).

Illinois National's allegations "provide [Ryan] with fair notice of what [its] claim[s] [are] and the grounds upon which [they] rest[]." *Dura Pharms., Inc.*, 544 U.S. at 346 (2005) (internal quotations omitted).

The court further notes that even under the more stringent Rule 9(b) fraud pleading standard, "[m]alice, intent, *knowledge*, and other conditions of a person's mind may be alleged generally[,]" and not with particularity. Fed. R. Civ. P. 9(b). And, as the Fifth Circuit has held, "'[i]f the facts pleaded in a complaint are peculiarly within the opposing party's knowledge, fraud pleadings may be based on information and belief.'" *Umbrella Inv. Grp., L.L.C. v. Wolters Kluwer Fin. Servs., Inc.*, 972 F.3d 710, 713 (5th Cir. 2020) (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)). "Although the enhanced pleading obligations of Rule 9(b) do not apply, the Rule 8 requirements of *Twombly* 'plausibility' still do, and the pleaded allegations must give rise to an inference of the requisite state of mind." JOHN B. CORR ET AL., FEDERAL CIVIL RULES HANDBOOK 398 (30 ed. 2023) (citations omitted). The Court finds that Illinois National's pleaded allegations give rise to the inference of knowledge sufficient to state claims for relief.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Ryan's motion to dismiss is **DENIED**.

New Orleans, Louisiana, May 30, 2023.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**