## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**WILLIAM D. AARON, JR., ET AL.**          **CIVIL ACTION NO.:  22-09**

    **v.**          **SECTION:  L**

**ILLINOIS NATIONAL INSURANCE**
**COMPANY, ET AL.**

## WILLIAM J. BURNELL'S ANSWER AND AFFIRMATIVE DEFENSES IN RESPONSE TO THIRD-PARTY COMPLAINT BY ILLINOIS NATIONAL INSURANCE COMPANY

  William J. Burnell responds to Illinois National Insurance Company's Third-Party Complaint against him pursuant to Fed. R. Civ. P. 8(b)(2) as follows:

  1.  Third-party defendant lacks sufficient knowledge to form a belief about the truth of the allegation, the effect of which is a denial of the allegation. *See* Fed. R. Civ. P. 8(b)(5).

  2.  Paragraph 2 calls for conclusions of law for which no response is required.

  3.  Third-party defendant lacks sufficient knowledge to form a belief about the truth of the allegation, the effect of which is a denial of the allegation. *See* Fed. R. Civ. P. 8(b)(5).

  4.  Third-party defendant lacks sufficient knowledge to form a belief about the truth of the allegation, the effect of which is a denial of the allegation. *See* Fed. R. Civ. P. 8(b)(5).

  5.  Third-party defendant lacks sufficient knowledge to form a belief about the truth of the allegation, the effect of which is a denial of the allegation. *See* Fed. R. Civ. P. 8(b)(5).

  6.  Paragraph 6 calls for conclusions of law for which no response is required.

  7.  Paragraph 7 calls for conclusions of law for which no response is required.

  8.  Admitted.

9.      Mr. Burnell admits that he is an insured person under the policy.  He lacks

sufficient knowledge to form a belief about the truth of the remaining allegations in Paragraph 9,

the effect of which is a denial of the allegations. *See* Fed. R. Civ. P. 8(b)(5).

10.     Paragraph 10 references an insurance policy that is the best evidence of its

contents.

11.     Paragraph 11 references a written document, which is the best evidence of its

contents and speaks for itself, and any attempt to mischaracterize or paraphrase its contents, or to

refer to portions out of context, is denied.

12.     Mr. Burnell admits that he has sought coverage under the 2015/16 Illinois

National Policy but lacks sufficient knowledge to form a belief about the truth of the remaining

allegations in this paragraph and its subparagraphs, the effect of which is a denial of the

allegations. *See* Fed. R. Civ. P. 8(b)(5).

13.     Like Illinois National, Mr. Burnell repeats and re-alleges the responses

to Paragraphs 1 through 13.

14.     Paragraph 14 calls for conclusions of law for which no response is required.

15.     Third-party defendant lacks sufficient knowledge to form a belief about the truth

of the allegation, the effect of which is a denial of the allegation. *See* Fed. R. Civ. P. 8(b)(5).

16.     Third-party defendant lacks sufficient knowledge to form a belief about the truth

of the allegation, the effect of which is a denial of the allegation. *See* Fed. R. Civ. P. 8(b)(5).

17.     Third-party defendant lacks sufficient knowledge to form a belief about the truth

of the allegation, the effect of which is a denial of the allegation. *See* Fed. R. Civ. P. 8(b)(5).

18.     Like Illinois National, Mr. Burnell repeats and re-alleges the responses

to Paragraphs 1 through 17.

19.     Third-party defendant lacks sufficient knowledge to form a belief about the truth of the allegation, the effect of which is a denial of the allegation. *See* Fed. R. Civ. P. 8(b)(5).

20.     Paragraph 20 calls for conclusions of law for which no response is required.

21.     Like Illinois National, Mr. Burnell repeats and re-alleges the responses to Paragraphs 1 through 20.

22.     Paragraph 22 calls for conclusions of law for which no response is required.

23.     Third-party defendant lacks sufficient knowledge to form a belief about the truth of the allegation, the effect of which is a denial of the allegation. *See* Fed. R. Civ. P. 8(b)(5).

24.     Paragraph 24 calls for conclusions of law for which no response is required.

25.     Paragraph 25 calls for conclusions of law for which no response is required.

26.     Paragraph 26 calls for conclusions of law for which no response is required.

27.     Like Illinois National, Mr. Burnell repeats and re-alleges the responses to Paragraphs 1 through 26.

28.     Third-party defendant lacks sufficient knowledge to form a belief about the truth of the allegation, the effect of which is a denial of the allegation. *See* Fed. R. Civ. P. 8(b)(5).

29.     Third-party defendant lacks sufficient knowledge to form a belief about the truth of the allegation, the effect of which is a denial of the allegation. *See* Fed. R. Civ. P. 8(b)(5).

30.     Paragraph 30 calls for conclusions of law for which no response is required.

**PRAYER FOR RELIEF**

Answering Illinois National's Prayer for Relief, Third-party defendant denies liability and denies that Illinois National has been injured or damaged by Third-party defendant's conduct in any way or in any amount and further denies that Illinois National is entitled to relief in any form. He further responds to Illinois National's prayer for relief as follows:

(A)     No response is required.

(B)     No response is required.

(C)     No response is required.

(D)     No response is required.

(E)     No response is required.

(F)     No response is required.

Third-party defendant alleges the following separate and distinct affirmative defenses to Illinois National's Complaint:

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

As a separate and distinct affirmative defense, Mr. Burnell alleges that Illinois National's Third-Party Complaint fails to state facts sufficient to constitute a cause of action against him.

Mr. Burnell's affirmative defense that Illinois National failed to state a claim includes but is not limited its failure to allege the elements of La. R.S. § 22:860(A).

**SECOND AFFIRMATIVE DEFENSE**
**(Third Party Liability)**

As a separate and distinct affirmative defense, Mr. Burnell alleges that the relief sought by Illinois National is the responsibility of persons and/or entities other than Mr. Burnell.

**THIRD AFFIRMATIVE DEFENSE**
**(Causation)**

As a separate and distinct affirmative defense, Mr. Burnell alleges that no act by him is or was the cause-in-fact or proximate cause of any damages otherwise recoverable and/or suffered by Illinois National.

4

**FOURTH AFFIRMATIVE DEFENSE**
**(Estoppel)**

As a separate and distinct affirmative defense, Mr. Burnell alleges that Illinois National is barred from any recovery by estoppel.

**FIFTH AFFIRMATIVE DEFENSE**
**(Illegality)**

As a separate and distinct affirmative defense, Mr. Burnell alleges that the relief Illinois National seeks illegal.

**SIXTH AFFIRMATIVE DEFENSE**
**(Laches)**

As a separate and distinct affirmative defense, Mr. Burnell alleges that Illinois National is barred from any recovery by laches.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Waiver)**

As a separate and distinct affirmative defense, Mr. Burnell alleges that Illinois National has waived any claim to the relief it seeks.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Unjust Enrichment)**

As a separate and distinct affirmative defense, Mr. Burnell alleges that Illinois National is barred from recovery because allowing any recovery would result in Illinois National's unjust enrichment.

**NINTH AFFIRMATIVE DEFENSE**
**(Unstated Defenses)**

As a separate and distinct affirmative defense, Mr. Burnell alleges that at present, he possesses insufficient knowledge and information upon which to form a belief as to whether he may have additional, as yet unstated affirmative defenses that discovery and/or further

investigation may establish. Mr. Burnell therefor reserves the right to assert additional affirmative defenses as presented by discovery and/or further investigation.

WHEREFORE, Third-Party Defendant William J. Burnell prays for judgment as follows:

1. That judgment be entered in favor of William J. Burnell;

2. That Third-Party Plaintiffs be awarded nothing;

3. That Third-Party Defendant William J. Burnell be awarded reasonable attorneys' fees and costs and expenses of suit and defense; and

4. For such other relief as this Court may deem just and proper.

Respectfully submitted,

/s/ Brian J. Capitelli
BRIAN J. CAPITELLI (La. 27398)
RALPH CAPITELLI (La. 3858)
CAPITELLI & WICKER
1100 Poydras Street, Suite 2950
New Orleans, Louisiana 70163
Phone: (504) 582-2425
Fax:    (504) 582-2422
brian@capitelliandwicker.com
*Counsel for William J. Burnell*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of August, 2023, I electronically filed the foregoing with the Clerk of Court, by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Brian J. Capitelli
BRIAN J. CAPITELLI